**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |
|---|---|
| **UNITED STATES OF AMERICA f/u/b** ) <br> **WESTERN OILFIELDS SUPPLY CO.** ) <br>     **d/b/a RAIN FOR RENT** ) <br>     3404 State Road ) <br>     Bakersfield, CA 93308 ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **TOTAL ENGINEERING, INC.** ) <br>     9344 Lanham Severn Road ) <br>     Suite 200 ) <br>     Lanham, MD 20706 ) <br> ) <br>     Serve: Pablo Osorio ) <br>         9344 Lanham Severn Road ) <br>         Suite 200 ) <br>         Lanham, MD 20706 ) <br> ) <br> **and** ) <br> ) <br> **LIBERTY MUTUAL INSURANCE GROUP** ) <br>     175 Berkeley Street ) <br>     Boston, MA 02116 ) <br> ) <br>     Serve: Corporation Service Company ) <br>         84 State Street ) <br>         Boston, MA 02109 ) <br> ) <br>     **Defendants.** ) | **Case No.** _____ |

## **COMPLAINT**

Plaintiff United States of America for the Use and Benefit of Western Oilfields Supply Co. d/b/a Rain for Rent, by undersigned counsel, for its Complaint for Breach of Contract and relief under the Miller Act, 40 U.S.C. § 3131 *et seq.*, alleges as follows:

## PARTIES

1. Plaintiff Western Oilfields Supply Co. d/b/a Rain for Rent ("Rain for Rent" or "Plaintiff"), is a company organized under the laws of the state of Delaware, and doing business in the state of Maryland, furnishing, contracting, and supplying commercial construction materials.

2. Defendant Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation authorized to do business in Maryland, and is engaged in the business of supplying payment and performance bonds on construction projects located, executed, or to be performed in Maryland.

3. Defendant Total Engineering, Inc. ("Total"), is a company organized under the laws of the Commonwealth of Virginia, and is engaged in commercial construction business in the State of Maryland.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as this is an action arising under a federal statute, 40 U.S.C. § 3131 *et seq.*

5. This Court has personal jurisdiction over Total and Liberty as a result of their respective business relationships and other forms of commerce in the State of Maryland.

6. Venue is proper in the Northern Division of the District of Maryland pursuant to 40 U.S.C. § 3133(b)(3)(B) because the relevant federal construction project is located in Hartford County, Maryland, and pursuant to 28 U.S.C. § 1391(a)(2) a substantial part of the events giving rise to the claim occurred within Hartford County Maryland.

## RELEVANT FACTS

7. Plaintiff incorporates by reference Paragraphs 1-6 above as though fully set forth herein.

8. The Baltimore District of the U.S. Army Corps of Engineers ("Corps") contracted with Total to provide for construction work at the U.S. Army Medical Research Institute of Chemical Defense (USAMRICD) at Aberdeen Proving Grounds in Edgewood, Hartford County, Maryland (the "Project").

9. Total executed an agreement with the Corps to perform certain portions of work for the Project, and Rain for Rent furnished certain labor and materials to the Project under a contract with Total.

10. Liberty was, at all times relevant, the surety for the Project, and furnished to the Corps a payment bond, Bond No. 017-009-106, dated April 15, 20009 (hereafter "Bond"), naming Total as principal and Liberty as surety, attached hereto as Exhibit A. Under the terms of the Bond, Liberty held and firmly bound itself jointly and severally with Total to pay claimants performing labor and materials that were supplied to Total or its subcontractors, for use in performance of work on the Project.

11. December 15, 2009, Total signed a Credit Application Master Rental & Sales Agreement (the "Contract"), agreeing to pay Plaintiff for equipment rental, sales, and other charges, attached as Exhibit B. In addition, in the event of default, Total agreed to pay Plaintiff's attorney's fees reasonably incurred by reason of default. *Id.* at §16(g).

12. Commencing on our about January 28, 2010, pursuant to agreements executed by and between Rain for Rent and Total, Rain for Rent performed certain labor and furnished certain materials including, pump and filtration system components to Total for the Project. The labor performed and materials furnished to Total were used or reasonably required for use in connection with Total's work on the Project.

13. Plaintiff duly performed its obligations and did, in fact, perform such labor and furnished such materials to Total for the Project. Pursuant to the Contract, Plaintiff issued invoices to Total in the amount of the agreed price for the services performed and materials furnished to Total or at the request of Total, its agents or employees. A listing of invoices tendered to Total is attached hereto as Exhibit C. The currently outstanding sum owed by Total to Rain for Rent is $247,875.27.

14. Total periodically made payments to Plaintiff, but has since accumulated an unpaid balance while Plaintiff continued to provide Total with the contracted-for materials and services.

15. On August 31, 2010, Plaintiff's obligations under the Contract ended; accordingly, Rain for Rent ceased its performance of labor and furnishing of materials.

16. On November, 12, 2010, Plaintiff notified Total of Total's past due invoices under the Contract. Plaintiff sent Total a written notice requesting payment of the then-outstanding balance of $335,838.49, attached hereto as Exhibit D.

17. On November 17, 2010, Plaintiff sent a Miller Act Notice ("Notice") dated November 17, 2010, attached hereto as Exhibit E. The Notice stated that Plaintiff claimed $335,838.49 on the Bond related to the labor and materials provided to Total on the work of public improvement commonly known as U.S. Army Medical Research Institute of Chemical Defense (USAMRICD) at the Aberdeen Proving Grounds in Edgewood, Hartford County, Maryland. The Notice was sent by first class certified mail with return receipt requested on November 17, 2010 to the Corps, and Defendants Liberty and Total.

18. Despite demand, Total continued to fail to pay Plaintiff all sums due under the Contract and the account, leaving due and owing the sum of $247,875.27, all of which pertains to the Project, plus interest, despite demand for payment.

#10070024_v3

## COUNT I
### (BREACH OF CONTRACT AGAINST TOTAL)

19.  Plaintiff incorporates by reference Paragraphs 1-18 above as though fully set forth herein.

20.  Total failed and refused to make full and timely payment to Plaintiff under the terms of the Contract.

21.  As a result of its failure to make full and timely payment to Plaintiff, Total breached the Contract.

22.  As a direct and proximate result of Total's breach of the Contract, Plaintiff suffered damages in an amount not less than $247,875.27.

23.  Plaintiff performed all material aspects of the Contract.

WHEREFORE, Rain for Rent respectfully requests that the Court enter judgment an amount not less than $247,875.27 against Total Engineering, Inc., as reflected in the outstanding invoices tendered to Total.  Rain for Rent further requests that it be awarded its costs, attorneys' fees, pre and post-judgment interest, and such further relief as the Court deems just and equitable.

## COUNT II
### (MILLER ACT/PAYMENT BOND AGAINST LIBERTY)

24.  Plaintiff incorporates by reference Paragraphs 1-23 above as though fully set forth herein.

25.  Plaintiff supplied labor or materials to Total in the prosecution of work provided for under a public works contract pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq*.

26.  All supplies and materials furnished by Plaintiff to Total for the Project were last furnished August 31, 2010.

27.  Plaintiff has not been paid in full for the labor or materials within ninety (90) days after the date Plaintiff last supplied labor or materials.

#10070024_v3

28. Upon information and belief, the Corps has not yet finally accepted the work of Total on the Project, and/or the work was accepted no more than one (1) year prior to this suit being filed.

29. Pursuant to the terms of the Bond agreement, Liberty is liable to Plaintiff for the amount owed plus interest.

**WHEREFORE**, Rain for Rent respectfully requests that the Court enter judgment against Liberty Mutual Insurance Company in the sum of $247,875.27, together with pre and post-judgment interest thereon, and any other further relief as may be necessary.

Respectfully Submitted,

 /s/ Philip T. Evans
Philip T. Evans (FBN 11796)
Holland & Knight LLP
2099 Pennsylvania Ave., NW
Washington, DC 20006
202-955-3000 Phone
202-955-5564 Fax
Philip.evans@hklaw.com
*Counsel for Rain for Rent*